UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO.  1:09-cr-0021 (L/F) |
| | ) |
| EARL RICHARD WHITTENBURG, | ) |
| | ) |
| Defendant. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable William T. Lawrence, Judge, on December 14, 2009, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on November 25, 2009, and the Supplemental Petition for Warrant or Summons for Offender Under Supervision, filed December 15, 2009, and to submit to Judge Lawrence proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings in this matter were held on December 15, 2009 pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*.  The government appeared by Susan Dowd, Assistant United States Attorney.  The defendant appeared in person with his appointed counsel, William Marsh, Indiana Federal Community Defender.  Chris Dougherty, U.S. Parole and Probation officer, appeared and participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That William Marsh, Indiana Federal Community Defender, was present and appointed to represent Mr. Whittenburg in regard to the Petitions for Revocation of Supervised Release.

2. A copy of the Petitions for Revocation of Supervised Release was provided to Mr. Whittenburg and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Whittenburg was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petitions.

4. That Mr. Whittenburg would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Whittenburg had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary h0earing resulted in a finding of probable cause that Mr. Whittenburg had violated the alleged condition or conditions of supervised release set forth in the Petitions, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Lawrence's designation on December 14, 2009.

7. Mr. Marsh stated that Earl Richard Whittenburg would stipulate there is a basis in fact to hold him on the specifications of violation of supervised release set forth in the Petitions. Mr. Whittenburg waived the preliminary examination, in writing, which was accepted by the Court.

8. Mr. Whittenburg, by counsel, stipulated that he committed the specified violations set forth in the Petitions for Warrant or Summons for an Offender Under Supervision, filed with the Court on November 25, 2009 and December 14, 2009, as follows:

**Petition for Warrant or Summons for Offender Under Supervision, filed November 25, 2009:**

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **The defendant shall report to the probation officer as directed by the court or probation officer.** |

The offender's current whereabouts are unknown. On the date the offender submitted a positive urine specimen, November 12, 2009, he was directed to report the following day for an additional urine screen. On November 13, 2009, the offender was directed by voice mail message to report for a urine screen by 4:00 p.m., for which he failed to report. On November 16, 2009, this officer attempted a home exam and could not locate the offender at his residence. Appointment notices were taped to the front and rear doors of the defendant's residence, directing him to report to the probation office on November 17, 2009. This officer spoke with the offender's daughter, Melissa Whittenburg, on November 16, 2009, and notified her I was trying to locate her father and requested that she or her adult siblings notify her father that he needed to contact me immediately. The offender failed to report to the probation officer on November 17, 2009. On November 18, 2009, and on November 25, 2009, this officer attempted to locate the offender at his residence. On both occasions, this officer noted that the previous appointment notices taped to the offender's doors of his residence were still present.

| | |
|---|---|
| 2 | **The defendant shall refrain from any unlawful use of a controlled substance.** |

**The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.**

**The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.**

On November 12, 2009, the offender submitted a urine sample which tested positive for cocaine and marijuana. On this same date, the offender was tested for his consumption of alcohol with an ALCO-SCREEN test strip, which tested positive at .04%-.08% HBAC. The offender had been repeatedly warned to cease his alcohol consumption, as this probation officer had noticed the odor of an

        alcoholic beverage about his person during several prior contacts. On this specific date, the offender was due to report for his job as a pizza delivery driver within hours of his positive alcohol test.

**3**        **The defendant shall notify the probation officer ten days prior to any change in residence or employment.**

        On November 14, 2009 the officer was terminated from his employment at Papa John's Pizza for failing to report for work two days in a row. The offender has failed to report his employment termination to the probation office. The offender appears to have moved from his last reported residence without notifying the probation office.

**4**        **The defendant shall pay any fine or restitution obligation that remains unpaid at the commencement of the term of supervision, in accordance with any schedule of payments set forth, and shall cooperate with the probation officer in meeting any financial obligations.**

        On May 22, 2009, the offender signed a payment agreement, agreeing to pay $150 per month to the Southern District of Florida toward his restitution debt. As of November 25, 2009, the offender has only made two payments totaling $210.

**Supplemental Petition for Warrant or Summons for Offender Under Supervision, filed December 15, 2009:**

**5**        **While on Supervised Release, the defendant shall not commit another federal, state or local crime.**

        On December 4, 2009, the offender was arrested for Resisting Law Enforcement, A-misdemeanor; Possession of Marijuana, A-misdemeanor; and Public Intoxication, B-misdemeanor, by officers of the Indianapolis Metropolitan Police Department. The Probable Cause Affidavit indicates on December 3, 2009, police responded to a loud disturbance call at 3841 Beluga Lane, Apartment 2-D. As a uniformed officer approached the apartment building, he noticed a male wearing blue jeans, a t-shirt, and no shoes, later identified as Earl Whittenburg, running south along the building. The officer yelled for the offender to stop, but Whittenburg continued to run past the building and through a privacy fence and was located hiding in some heavy brush along the fence line, where he was arrested. Upon a search incident to arrest, the officer located a plastic baggie on the offender's person containing less than 30 grams of marijuana, rolling

      papers, and a piece of aluminum foil.  The officer also noted a strong odor of an alcoholic beverage coming from the offender.

      A preliminary Public Intoxication charge was not filed; however, the offender pled guilty to Count 1, Resisting Law Enforcement, and Count 2, Possession of Marijuana, in Marion County Superior Court on December 9, 2009, under cause number 49F070912CM098891.  Pursuant to a plea agreement, the offender was sentenced to 365 days, with 353 days suspended, 12 days executed, and 6 days credit for time served Counts 1 and 2 were ordered to be served concurrently.  The offender was not sentenced to a term of probation.

  9.  The Court then placed Mr. Whittenburg under oath and inquired directly of him whether he admitted the violations of the specification of his supervised release set forth above.   Mr. Whittenburg stated that he admitted the above violations of his supervised release as set forth.

  Counsel for the parties further stipulated to the following:

    1) Mr. Whittenburg has a relevant criminal history category of III, U.S.S.G. §7B1.4(a).

    2)  The most serious grade of  violation committed by Mr. Whittenburg constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

    3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Whittenburg is 8-14 months.

    4) The parties agreed on the appropriate disposition of the case as follows:

  The defendant be sentenced to a period of confinement of one year and one day to the custody of the Attorney General, with no supervised release to follow.

  It is recommended by the undersigned Magistrate Judge that Mr. Whittenburg be designated by the Attorney General of the United States and the Bureau of Prisons to the Federal Correctional Institution located in Terre Haute, Indiana.

The Court having heard the evidence and/or arguments of Mr. Whittenburg, his counsel and the government, now finds that Mr. Whittenburg violated the specified conditions of supervised release as delineated above in the Petitions to Revoke his supervised release.

Mr. Whittenburg's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of one year and one day.   The service of the sentence is to begin immediately.   Upon release from confinement, Mr. Whittenburg will not be subject to any further term of supervised release.

It is recommended by the Magistrate Judge that Mr. Whittenburg be designated by the Attorney General of the United States and the Bureau of Prisons to the Federal Correctional Institutional in Terre Haute, Indiana.

The Magistrate Judge requests that Ms. Dougherty, U. S. Parole and Probation Officer, prepare for submission to the Honorable William T. Lawrence, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Whittenburg stipulated in open court waiver of the following:

1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Whittenburg entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.*

and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Whittenburg's supervised release and the sentence imposed of imprisonment of one year and one day in the custody of the Attorney General or his designee. Further, that upon Mr. Whittenburg's release from confinement, he will not be subject to a term of supervised release. The Magistrate Judge also recommends that the defendant be designated to the Federal Correctional Institution in Terre Haute, Indiana.

IT IS SO RECOMMENDED this 16th day of December, 2009.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Sue Dowd,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

William Marsh,
Indiana Federal Community Defender

U. S. Parole and Probation

U. S. Marshal